1   DON A. LESSER  SBN 112887
    KATHERINE O'NEAL SBN 124657
2   LESSER + FINKEL LAW GROUP
    1010 B Street, Suite 350
3   San Rafael, CA  94901-1808
    Tel:  415.453.7600  Fax:  415.453.7604
4
    Attorneys for Plaintiff
5   STEPHEN ARNOLD

6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  STEPHEN ARNOLD,                    Case No.:  C 09-0671 CRB

12           Plaintiff,                **STIPULATION RE FILING OF FIRST
                                       AMENDED COMPLAINT**
         v.
13
    UNUM LIFE INSURANCE COMPANY OF
14  AMERICA,

15           Defendant.

16

17       WHEREAS, Plaintiff filed his Complaint in this action on about February 17, 2009; and

18       WHEREAS, the Complaint named as the only defendant UNUM Life Insurance

19  Company of America; and

20       WHEREAS, UNUM filed its answer to the Complaint on about April 20, 2009; and

21       WHEREAS, UNUM alleged that the Chiron Corporation Long Term Disability Plan is a

22  necessary defendant; and

23       WHEREAS, Plaintiff desires to correct any alleged error in naming the proper defendants

24  in this action;

                                      1

1          NOW, therefore, the parties stipulate and agree that Plaintiff may file his First Amended

2   Complaint, a copy of which is attached to this stipulation as Exhibit A, adding as a defendant the

3   Chiron Corporation Long Term Disability Plan.

4

5   Dated:  June 12, 2009                    GREEN & HUMBERT

6

7                                            By: /s/_____

8                                                Horace W. Green
                                                 Attorneys for Defendant UNUM LIFE
9                                                INSURANCE COMPANY OF
                                                 AMERICA
10

11  Dated:  June 12, 2009                    THE LESSER + FINKEL LAW GROUP

12

13                                           By: /s/_____

14                                               Katherine O'Neal
                                                 Attorneys for Plaintiff
15                                               STEPHEN ARNOLD

16

17          Signed:  June 15, 2009

18                                           IT IS SO ORDERED

19

20                                           Judge Charles R. Breyer

21

22

23

24

STIPULATION RE FILING OF FIRST AMENDED COMPLAINT
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
CIVIL ACTION NO. C09-0671 CRB

**EXHIBIT A – Proposed Amended Complaint**

DON A. LESSER  SBN 112887
KATHERINE O'NEAL SBN 124657
LESSER + FINKEL LAW GROUP
1010 B Street, Suite 350
San Rafael, CA  94901-1808
Tel:  415.453.7600  Fax:  415.453.7604

Attorneys for Plaintiff
STEPHEN ARNOLD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ARNOLD,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, and CHIRON CORPORATION LONG TERM DISABILITY PLAN,<br><br>                    Defendants. | Case No.:  C09-0671 CRB<br><br>**FIRST AMENDED COMPLAINT FOR BENEFITS** |

Plaintiff Stephen Arnold ("Plaintiff") alleges as follows:

## <u>GENERAL ALLEGATIONS</u>

1.      Plaintiff is an individual residing in Portland, Oregon. Plaintiff formerly resided in San Francisco, California until December 2007, when he re-located to Portland.

2.      Plaintiff is informed and believes and on that basis alleges that Defendant UNUM Life Insurance Company of America ("UNUM") is a Maine domiciled insurance company and a subsidiary of UnumProvident Corporation, a Delaware corporation.  UNUM's principal place of business is Portland, Maine.   Defendant UNUM does business in this judicial District, may be found in this District, and issued to Chiron Corporation and/or to the Chiron Corporation Long Term Disability Plan, in this District, the group disability insurance policy whose terms are at issue herein, which policy the parties intended to be performed here.

3

3.      Plaintiff is informed and believes and on that basis alleges that Defendant Chiron Corporation Long Term Disability Plan (the "Plan") is, and at all material times was, an employee welfare benefit plan covering employees of Chiron Corporation, including Plaintiff.

4.      Plaintiff is informed and believes that UNUM insured the Plan and is financially obligated to pay any judgment rendered against the Plan.

5.      This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1000-1461 over which this Court possesses original jurisdiction pursuant to 29 U.S.C. § 1131.

6.      Venue is proper in this District in that Defendant UNUM is found here, the Chiron group disability policy was issued and intended to be performed here, and the acts complained of occurred in this District.

## COMMON FACTUAL ALLEGATIONS

7.      Plaintiff was employed by Chiron Corporation when he became disabled in 2004. At all times material to this action Chiron Corporation, through the Plan and UNUM, provided group disability insurance coverage to its employees.  UNUM issued a Group Long Term Disability Policy to the Plan, Policy No. 352023-001, effective April 1, 1997.

8.      The disability coverage Chiron issued to its employees through the Plan was issued as part of an employee welfare benefit plan within the meaning of 29 U.S.C. §§ 1002(1) and (3).

9.      At all times material to this action, Plaintiff was a participant of the Plan within the meaning of 29 U.S.C. § 1002(7).

10.      In about 2004, Plaintiff began having medical problems that ultimately rendered Plaintiff unable to continue to perform the duties of his occupation.

11.      As a result of these medical problems, Plaintiff qualified for Total Disability benefits under the terms of the Plan.

12.      After satisfying the pre-requisites delineated in the Plan, Plaintiff began receiving disability benefits in about November 2005, with benefits retroactive to May 2005.

//

4

13.     Plaintiff's employment with Chiron terminated in October 2004.   At the time of his termination, Plaintiff asserted against Chiron claims for:  (a) wrongful termination in violation of public policy, (b) disability discrimination, (c) failure to accommodate his disability, and (d) failure to engage in the "interactive process" required under the Americans with Disabilities Act ("ADA").

14.     Plaintiff and Chiron thereafter entered into a confidential settlement agreement in late October/early November 2004.  Pursuant to that agreement, Chiron made two lump-sum payments to Plaintiff, one in 2004 and another in 2005, in consideration for Plaintiff's agreement to release Chiron from all claims arising from his employment and termination, including his claims for wrongful termination and discrimination.

15.     Beginning in about March 2008 UNUM, which insures the Plan and, upon information and belief, is solely responsible for handling and paying claims under the Plan's policy, began demanding that Plaintiff provide additional information about his earnings during his disability.  UNUM specifically demanded that Plaintiff provide copies of his personal tax returns for the years 2002 through 2007.  Plaintiff objected that his tax returns were privileged under California law but eventually, in the face of UNUM's repeated threats to terminate his benefits, provided copies of his tax returns to UNUM in July 2008.  UNUM also demanded that Plaintiff complete an "Education and Employment History" form and provide other documents and information about his finances.   Between March and December 2008, UNUM made repeated demands for information to Plaintiff and/or his counsel and repeatedly threatened to terminate payment of Plaintiff's disability benefits unless he complied fully with UNUM's demands.

## DEFENDANTS' TERMINATION OF PLAINTIFF'S BENEFITS

16.     Beginning in July 2008, Defendants unilaterally stopped sending disability benefit payments to Plaintiff.   At the time, Plaintiff's monthly benefits were approximately $5,260.

17.     On September 29, 2008, Defendant UNUM sent Plaintiff a letter stating that the settlement payments Plaintiff had received from Chiron in 2004 and 2005 were "subject to a

5

**STIPULATION RE FILING OF FIRST AMENDED COMPLAINT**
**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**
**CIVIL ACTION NO. C09-0671 CRB**

third party deduction against his disability benefits.  UNUM claimed Plaintiff had been over paid in the amount of $34,845.22.  UNUM acknowledged that it had withheld benefits payments from July 11, 2008 through October 10, 2008 in the amount of $15,785.01, which it "applied" to the claimed "overpayment" of benefits.  UNUM demanded that Plaintiff "provide a check in the amount of $19,060.21 within 30 days."

18.     Plaintiff, through undersigned counsel, appealed Defendants' termination of benefits by letter dated November 12, 2008.

19.     In response to Plaintiff's administrative appeal, Defendants upheld the termination of Plaintiff's disability benefits by letter dated November 21, 2008.

20.     Despite Plaintiff's entitlement to disability benefits under the terms of the Plan, Defendants improperly terminated Plaintiff's benefits in contravention of the terms of the Plan and Plaintiff's rights under ERISA.  Among other things, Defendants breached their contractual obligations by (a) unilaterally withholding Plaintiff's disability payments while  they "considered" whether he had been overpaid in 2004 or 2005; (b) improperly treating the Chiron settlement payments as a "deductible source of income" to be offset against disability benefits; (c) repeatedly demanding information they were not entitled to under the policy or as a matter of law; (d) repeatedly asking for information Plaintiff had already provided; (f) repeatedly threatening to terminate Plaintiff's benefits if he did not comply with Defendants' unlawful demands; and (g) actually ceasing to make benefit payments beginning July 2008.

21.     Defendants continued to withhold Plaintiff's benefits through about April 2009.

22.     Plaintiff has met all conditions precedent to bringing this action, and, in particular, has exhausted all administrative remedies.

### FIRST CLAIM FOR RELIEF
**(Recovery of Plan benefits, 29 U.S.C. § 1132(a)(1)(B)**

23.     Plaintiff incorporates paragraphs 1 through 22 into this Claim for Relief.

24.     This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. § 1132(a)(1)(B).

//

25.     Pursuant to Section § 1132(a)(1)(B), Plaintiff, as a participant of the Plan, is entitled to sue for judicial determination and enforcement of benefits.

26.     Defendants have improperly suspended and withheld Plaintiff's disability benefits to which he is entitled under the terms of the Plan, in contravention of the Plan and ERISA.

WHEREFORE, Plaintiff requests the entry of judgment against Defendants for damages including, but not limited to, past due contractual benefits, future benefits, attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1), costs incurred in bringing this action, and for such other relief as the Court deems equitable, just and proper.  Plaintiff also requests that the Court issue an order barring Defendants from requesting Plaintiff's tax returns or other information not necessary to determination of Plaintiff's right to benefits under the Plan.

Dated:  June 12, 2009                              THE LESSER + FINKEL LAW GROUP


By:  /s/_____
                                                        Katherine O'Neal
                                                        Attorneys for Plaintiff
                                                        STEPHEN ARNOLD